# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DERRICK W. WALKER,

    Plaintiff,

v.

ERIC SMOKES; CARL FOUST; and
STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-57

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 27.) For the reasons and in the manner set forth below, the Court **GRANTS** Plaintiff's Motion. Additionally, I **RECOMMEND** that the Court **DISMISS** Doug Williams as a named Defendant in this case.

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983. (Doc. 1.) By Order dated February 19, 2016, the Court noted that both Doug Williams and Stanley Williams were listed as Defendants and as Wardens at Smith State Prison. The Court also noted Plaintiff named Doug Williams as a Defendant in his original Complaint, and he named Stanley Williams as a Defendant in his Amended Complaint, to the exclusion of Doug Williams. (Doc. 26, p. 2 (citing Docs. 1, 14).) The Court directed service of Plaintiff's Complaint on Stanley Williams, as an amended complaint serves to supplant the original complaint. However, the Waiver of Service was addressed to Doug Williams. The Court directed Plaintiff to advise the Court whether he intended to name Doug Williams or Stanley Williams as a Defendant in this case. (Id.) Plaintiff

responded to this directive by filing the instant Motion for Leave to File an Amended Complaint. (Doc. 27.)

Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Thus, generally, a district court should afford a plaintiff at least one opportunity to amend a complaint in order to correct deficiencies. Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 426 (11th Cir. 2010) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations and citations omitted).

In his Motion, Plaintiff asserts he wishes to remove Doug Williams as a named Defendant and keep Stanley Williams as a Defendant in this case. Though Plaintiff has already amended his Complaint once, the Court finds this to be a proper amendment given the prior pleadings and orders in this action. Accordingly, Plaintiff's Complaint is hereby deemed amended to name Stanley Williams as a Defendant in this case. In addition, the Court **ORDERS** the United States Marshal to serve a copy of Plaintiff's Complaint, Amended Complaint, the Court's Order dated December 31, 2015, (docs. 1, 13, 19), and this Order upon Defendant Stanley Williams. Defendant Stanley Williams is advised to read the instructions contained in this Court's December 31, 2015, Order and to conduct himself accordingly.

Additionally, given Plaintiff's request in his instant Motion, I **RECOMMEND** that the Court **DISMISS** Doug Williams as a named Defendant in this case and that the Court **DIRECT** the Clerk of Court to strike Doug Williams from the case and docket of this matter. Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written

2

objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 2nd day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA