# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DERRICK W. WALKER,

    Plaintiff,

v.

ERIC SMOKES; CARL FOUST; and
STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-57

## **O R D E R**

This matter is before the Court due to Defendants' failure to follow the Court's directives. For the reasons which follow, the Court **ORDERS** Defendants to file a responsive pleading to Plaintiff's Complaint, as amended, within **fourteen (14) days** of this Order. In addition, the Court **ORDERS** Defendants to file a response to Plaintiff's request for preliminary injunctive relief within **ten (10) days** of this Order.

### BACKGROUND

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement on May 26, 2015. (Doc. 1.) Plaintiff filed an Amended Complaint on August 26, 2015. (Doc. 13.) On December 31, 2015, this Court conducted the requisite frivolity review of Plaintiff's Amended Complaint and found that "Plaintiff's allegations arguably state colorable claims for nominal damages and prospective injunctive relief against all Defendants for violation of the duty to protect under the Eighth Amendment." (Doc. 19, p. 14.) Thus, the Court ordered the United States Marshals Service to serve Defendants Eric Smokes and Carl Foust and formerly-

named Defendant Doug Williams with the Complaint, as amended. (Doc. 19.) In that Order, the Court stated:

> Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

(Doc. 19, p. 15.) In addition, the Court directed Defendants to file a response to Plaintiff's request for preliminary injunctive relief prior to the filing of their Answer or responsive pleading. (Id. at pp. 13, 14.)

Plaintiff filed a Declaration for Default Judgment on February 16, 2016, (doc. 25), and the Court dismissed this filing as a prematurely filed Motion for Entry of Default by Order dated February 19, 2016. (Doc. 26.) Through that Order, the Court explained to Plaintiff that, based on the Court's previously-entered service Order, Defendants had until March 7, 2016, to file any responsive pleading. (Id. at p. 1.) Specifically, the Court reiterated its instruction to Defendants that, if they timely returned their waivers of service, they would not have to answer Plaintiff's Complaint until sixty days after the United States Marshals Service sent the waivers. (Id. (citing Doc. 19, p. 15) (citing Fed. R. Civ. P. 4(d)(3).) The Court also noted that it was unclear whether Plaintiff intended to name Stanley Williams or Doug Williams as a Defendant in this case because he named Doug Williams in his original Complaint, Stanley Williams in his Amended Complaint (to the exclusion of Doug Williams), and the Waiver of Service was addressed to Doug Williams. (Id. at p. 2.) Thus, Plaintiff was instructed to inform the Court whether he

intended to name Doug Williams or Stanley Williams as a Defendant in this case. (Id.) Plaintiff responded to this Court's Order and stated he wished to remove Doug Williams as a Defendant but keep Stanley Williams as a named Defendant. On March 29, 2016, the Court ordered the United States Marshals Service to serve a copy of Plaintiff's Complaint, Amended Complaint, and a copy of the Court's Order dated December 31, 2015, upon Stanley Williams. (Doc. 29, p. 2.) The Court advised Defendant Stanley Williams to read the instructions contained in this Court's December 31, 2015, Order and to conduct himself accordingly. (Id.)

Kelly Campanella, an attorney with the Office of the Attorney General, filed a Waiver of Reply pursuant to 42 U.S.C. § 1997e(g) on behalf of Defendants Smokes and Foust and former Defendant Doug Williams on March 7, 2016. (Doc. 31.) The United States Marshals Service mailed a Waiver of Service to Stanley Williams on March 9, 2016, and his responsive pleading was due to be filed on or before May 9, 2016. (Doc. 33.) On May 9, 2016, Ms. Campanella filed a Waiver of Reply pursuant to Section 1997e(g) on Stanley Williams' behalf. (Doc. 34.) Defendants have not filed any pleadings with the Court since May 9, 2016.

## DISCUSSION

In cases in which a prisoner-plaintiff is proceeding *in forma pauperis*, the Court directs the United States Marshals Service to effect service of a prisoner-plaintiff's complaint upon the named defendants pursuant to Rule 4(c)(3). In turn, the United States Marshals Service will mail each defendant a copy of the prisoner-plaintiff's complaint and request that defendant to waive formal service of the complaint. Fed. R. Civ. P. 4(d). When such a defendant timely returns the waiver of service, that defendant generally has sixty (60) days after the United States Marshals Service sent the request for waiver of service to file an answer. Fed. R. Civ. P. 4(d)(3). Rule 12 prescribes this same sixty-day period for a responsive pleading. Fed. R. Civ. P. 12(a)(1)(A)(ii)

("Unless another time is specified by this rule or a federal statute, the time for service a responsive pleading" is "within 60 days after the request for a waiver was sent," "if [the party] has timely waived service under Rule 4(d)[.]").

As noted above, the Court directed the service of Plaintiff's Complaint pursuant to Rule 4(c)(3). The United States Marshals Service mailed a copy of Plaintiff's Complaint, as amended, and a Waiver of Service on Defendants Foust and Smokes and Doug Williams on January 5, 2016, (docs. 22, 23, 24), and these same documents were mailed to Stanley Williams on March 9, 2016, (doc. 33). All Defendants waived formal service of Plaintiff's Complaint, as amended, in a timely manner. Thus, Defendants Foust and Smokes were required by Rule to file a responsive pleading on or before March 7, 2016, and Defendant Stanley Williams was required to do the same on or before May 9, 2016. Defendants filed no answer or other responsive pleading on or before these dates. Instead, their counsel filed Waivers of Reply pursuant to Section 1997e(g) without having filed any pleading responsive to Plaintiff's Complaint, as amended. (Docs. 31, 34.) Ms. Campanella stated in these Waivers, "Defendant will file a dispositive motion or an answer to the Complaint, pursuant to 42 U.S.C. § 1997e(g)(2), in the event the Court finds that the Plaintiff has a reasonable opportunity to prevail on the merits." (See, e.g., Doc. 34, p. 1.)

Section 1997e(g), though applicable to this cause of action under the Prison Litigation Reform Act, is designed to prevent the entry of default in favor of a prisoner-plaintiff against any defendant who does not file a timely responsive pleading to a complaint. Bell v. LeSure, CIV-08-1255-R, 2009 WL 1290984, at *4 (W.D. Okla. May 6, 2009) ("In Section 1997e(g)(1), Congress unambiguously prevented relief to a prisoner suing under federal law when the defendant has failed to respond to the complaint. The statutory language forecloses entry of a

default judgment to Mr. Bell even though Judge LeSure has apparently failed to timely respond to the complaint after substantial compliance with the state's service requirements and entry of an order to timely respond.")  Even though Section 1997e(g) may be applicable, however, Ms. Campanella's citation to this statute does not permit Defendants to ignore this Court's Order directing the filing of a response to Plaintiff's Complaint, as amended.  Price v. Howard, No. 1:10-CV-374, 2011 WL 1212238, at *1 (W.D. Mich. Jan. 18, 2011), *report and recommendation adopted*, No. 1:10-CV-374, 2011 WL 1212234 (W.D. Mich. Mar. 31, 2011) ("[w]hile § 1997e(g) allows a Defendant to wait to respond until directed to do so . . . it is not accepted that § 1997e(g) permits a Defendant to ignore a court order directing a response") (citation omitted); Halpin v. David, 4:06cv457-RH/WCS, 2008 WL 5663943, at *2 (N.D. Fla. Dec. 8, 2008).

The Court ordered Plaintiff's Complaint and his Amended Complaint be served upon Defendants, which is a clear indication that the Court found Plaintiff's allegations to be plausible at the initial stage of litigation.  The Court's service Order provided that, if a defendant timely waived formal service of a complaint, he had sixty days in which to file an answer or other responsive pleading.  Defendants timely waived formal service and therefore, were required to file an answer or other responsive pleading within sixty days of the United States Marshals Service mailing the Waivers of Service.  Defendants Foust and Smokes should have filed an Answer or other responsive pleading on or before March 7, 2016, and Defendant Stanley Williams was to do so on or before May 9, 2016.  Defendants failed to do so.  Accordingly, the Court again **ORDERS** Defendants to file an Answer or other responsive pleading to Plaintiff's Complaint, as amended, within **fourteen (14) days** of this Order.[1]  In addition, the Court

---

[1] This is not the only action before this Court where Ms. Campanella has mistakenly filed a Notice of Waiver of Reply and not a responsive pleading. For example, she has filed Notices of Waiver of Reply in Slaughter v. Bryson, et al., 5:15-cv-90 (S.D. Ga. May 10, 2016, and July 15, 2016), ECF Nos. 27, 36, despite the fact that this Court has already found that the plaintiff in that case stated a plausible claim

**ORDERS** Defendants to file a response to Plaintiff's request for preliminary injunctive relief within **ten (10) days** of this Order.

**SO ORDERED**, this 2nd day of August, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

against her clients and has ordered the remaining defendants to respond to the plaintiff's complaint. Ms. Campanella and the other members of the Attorney General's office shall review the filings in their other cases before this Court where they have filed Notices of Waiver to ensure that their clients are in compliance with the Court's Orders directing them to file responsive pleadings.