# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DERRICK W. WALKER,

    Plaintiff,

v.

ERIC SMOKES; CARL FOUST; and
STANLEY WILLIAMS,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-57

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison in Helena, Georgia, filed this 42 U.S.C. § 1983 cause of action, as amended, contesting events allegedly occurring during his incarceration at Smith State Prison in Glennville, Georgia. Doc. 13. Defendants have moved for summary judgment, arguing that Plaintiff has failed to put forward a dispute of material fact. Doc. 77. Plaintiff filed a Response, Defendants filed a Reply, and Plaintiff filed a Surreply. Docs. 80, 81, 82. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DISMISS** Plaintiff's Complaint, as amended, for his failure to establish a genuine dispute of material fact. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

# BACKGROUND[1]

Plaintiff filed his initial Complaint in this case on May 26, 2015, doc. 1, and amended as a matter of right on August 26, 2015, doc. 13. In his pleadings, Plaintiff asserts that, upon his arrival at Smith State Prison, he was placed in Tier II confinement with members of the Goodfellas gang. Doc. 13 at 3–4. Plaintiff asserts that he previously severed all his ties with that gang and, moreover, that certain gang members put out a contract ordering gang members to kill Plaintiff. Id. at 4–5. Plaintiff further claims he was denied the opportunity to contest his Tier II placement because prison records reflected that he was a member of the Goodfellas. Id. at 6–7. Plaintiff requested placement in protective custody due to the threats that Goodfellas members pose to him but was denied placement in protective custody based upon his status as a purported member of the Goodfellas.[2] However, Plaintiff was placed in a single-man cell and was told that he would remain in that cell and have a two-man escort at all times when he was outside of his cell. Doc. 1-7 at 2.

On June 15, 2015, the Court granted Plaintiff leave to proceed *in forma pauperis* in this action and, on December 31, 2015 the Magistrate Judge issued a Report recommending that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed, as well as Plaintiff's claims for compensatory and punitive damages in their entirety. Doc. 19. The Magistrate Judge also recommended that Plaintiff's claims against Defendant

---

[1] The recited facts represent the facts in the record and draw all reasonable inferences in the light most favorable to Plaintiff, the non-moving party. See Peppers v. Cobb County, 835 F.3d 1289, 1295 (11th Cir. 2016).

[2] The prison's stated reason for denying Plaintiff protective custody on the Grievance Appeal Response Plaintiff attached to his Complaint was Plaintiff's failure to identify specific individuals who he believed threatened him. Doc. 1-7 at 3. Plaintiff instead stated that he was "in fear of all '[G]oodfellas.'" Id.

Bryson be dismissed in their entirety, as Plaintiff failed to state a claim against that Defendant. Id. at 7–8.[3] The Court ordered service on Defendants Williams, Smokes, and Foust, finding that Plaintiff stated non-frivolous claims against them for deliberate indifference to his safety and that Plaintiff could pursue prospective relief and nominal damages against them on that basis. Id. at 12.

After Plaintiff clarified the correct name of one of the Defendants and the Court directed service on that Defendant, Plaintiff notified the Court that he had been transferred to Telfair State Prison, where he remains incarcerated. Doc. 57. Defendants then filed a Motion to Dismiss. Doc. 41. Plaintiff opposed this motion, doc. 45, and on July 3, 2018, the Magistrate Judge recommended that Plaintiff's claims relating to his placement in Tier II without adequate process be dismissed for failure to exhaust administrative remedies. Doc. 60 at 10–14. However, the Magistrate Judge recommended Plaintiff be allowed to proceed on his deliberate indifference claim. Id. at 16–20. The Court adopted that recommendation on August 3, 2018 without objection. Doc. 63.

Defendants have now filed a Motion for Summary Judgment, which Plaintiff opposes. Docs. 77, 80, 81, 82. In support of their Motion, Defendants each submitted a sworn declaration, as well as Plaintiff's deposition. These documents, taken together and construed in the light most favorable to Plaintiff, the non-moving party, demonstrate the following facts: Plaintiff was never a member of the Goodfellas gang but did know some gang members and associate with them. Doc. 77-3 at 6. Plaintiff was validated as a member of the Goodfellas by the Georgia Department of Corrections prior to his arrival at Smith State Prison. Doc. 77-5 at 2. Plaintiff has not had any contact with individuals that he knew to be gang members since 2013.

---

[3] On February 2, 2016, the Court adopted the Magistrate Judge's recommendations without objection. Doc. 21.

3

Doc. 77-3 at 7.  Plaintiff heard, via "gossip," that the Goodfellas had placed a hit out on him following a disagreement he had with gang members in October 2013 while attempting to buy a phone from gang members at Georgia State Prison, where he was previously incarcerated.  Id. Plaintiff arrived at Smith State Prison in August 2014, and Defendant Smokes, the unit manager of the T-2 dorm, told him that he was going to be placed on Tier II with other Goodfellas members.  Id. at 8.  Defendant Smokes further stated that this policy was set by the then Warden, Defendant Williams.  Id.  Because Plaintiff had previously been validated as a Goodfellas member, he retained this status upon his transfer to Smith State Prison.  Doc. 77-4 at 3.  Plaintiff attempted to renounce his affiliation on November 10, 2014, but Defendant Foust determined that his renunciation was not genuine.  Id. at 4.

Shortly after his arrival, Plaintiff asked to be placed in protective custody because of the threat posed to him by the Goodfellas organization in general.  Id. at 9.  Defendants investigated Plaintiff's request but "were unable to substantiate any viable threat against him based on the information he provided."  Doc. 77-5 at 3.  Plaintiff was not placed in protective custody but was placed in a single-man cell and was always escorted outside his cell by at least one officer.  Doc. 77-3 at 10.  Correctional officers also patrolled Plaintiff's dormitory 24 hours a day and conducted security checks roughly every 30 minutes.  Doc. 77-4 at 4.  Defendant Smokes states that the "security protection received by inmate Walker and those in protective custody would be virtually identical."  Id. at 5.

When asked during his deposition if he was ever "actually physically attack[ed]" while at Smith State Prison, Plaintiff refused to answer that question, invoking his Fifth Amendment right to avoid self-incrimination.  Doc. 77-3 at 10.  Plaintiff also invoked his Fifth Amendment right

4

when asked why he wrote a document stating he received a "blessing from Jonathan McClendon," one of the "head members" of the Goodfellas gang.[4]  Id. at 7, 9.

Plaintiff filed a Response and Surreply to Defendants' Motion.  Docs. 80, 82.  In these filings, Plaintiff does not identify any specific individual who told him he was under threat from the Goodfellas or any Goodfellas members who threatened him.  Plaintiff argues that the difference between Tier II confinement and protective custody is that in Tier II he "could have been housed with a Goodfellas Member at any given time[,]" but in protective custody there was no possibility he would be housed with a Goodfellas member.  Doc. 82 at 3–4.  He further argues that Tier II is an "illegal program" and that the very existence of protective custody means that there is a meaningful difference between Tier II confinement and protective custody.  Id. at 4.

## DISCUSSION

Defendants move for summary judgment.  Plaintiff's sole remaining claim is one for deliberate indifference against Defendants Foust, Smokes, and Williams for nominal damages and injunctive relief.  Because Plaintiff has failed to identify a genuine dispute of material fact, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DISMISS** Plaintiff's Complaint.  Because other grounds mandate summary judgment for Defendants, I do not address Defendants' arguments concerning qualified immunity or the possible mootness of Plaintiff's claim to equitable relief.

---

[4] During Plaintiff's deposition, defense counsel questioned Plaintiff about a sworn statement he provided to prison officials that was attached to Plaintiff's Complaint, attesting that he was in fact a Goodfellas member.  Doc. 1-4 at 4.  This document contradicts Plaintiff's claim that he was never a Goodfellas member.  Doc. 77-3 at 6.

5

**I.      Standard of Review**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.   However, there must exist a conflict in substantial evidence to pose a jury question."  Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.  See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).   Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."   See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).   When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.   See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).   In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).

## II. Deliberate Indifference

Plaintiff's sole remaining claim in this action is for deliberate indifference against Defendants. "The Eighth Amendment prohibits deliberate indifference to an inmate's health or safety." Smith v. Owens, 625 F. App'x 924, 927 (11th Cir. 2015) (citing Hope v. Pelzer, 539 U.S. 730, 737–38 (2002)). "To survive summary judgment on a deliberate indifference failure-to-protect claim, a plaintiff must produce sufficient evidence of[:] (1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (internal quotations omitted). The first element, whether there was a substantial risk of serious harm, is judged with an objective standard. Id. Furthermore, "there must be a 'strong likelihood' of injury 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference." Brooks v. Warden, 800 F.3d 1295, 1301 (1th Cir. 2015) (quoting Brown v. Hughes, 894 F.2d 1533 at 1537 (11th Cir. 1990)). Here, Plaintiff has failed to set forth a genuine dispute of material fact as to whether he faced an objective, serious risk of physical harm. Instead, the record shows that Plaintiff was at all times confined in a single-man cell with 24-hour dormitory patrols and a two-guard escort whenever he left his cell, the same safety protections afforded to inmates in protective custody. Doc. 77-3 at 10; Doc. 77-5 at 3.

Assuming Plaintiff was threatened by Goodfellas members, the record does not present any evidence that Plaintiff faced a substantial likelihood of serious harm.[5] The record shows

---

[5] Plaintiff invoked the Fifth Amendment during his deposition when questioned regarding a document showing his possible relationship with a Goodfellas leader and whether he was ever actually physically harmed while in Tier II confinement. Id. at 9–10. It is permissible for the Court and a finder of fact to draw adverse inferences against Plaintiff for his refusal to answer these questions. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976) ("The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them[.]"). However, given the posture of this case, the Court construes the record in the light most

that Plaintiff received "at least as much protection as he would have received had he been placed in protective custody." Doc. 77-5 at 3. Plaintiff requested placement in protective custody as an acceptably safe alternative to Tier II confinement. Doc. 82 at 3. The only difference between Tier II confinement and protective custody that Plaintiff identified was the potential for him to be housed with a Goodfellas member while in Tier II. Id. This fact alone is insufficient to allow a finder of fact to determine that Plaintiff faced a serious risk of physical harm particularly where, as here, Plaintiff never claims he was sent to a two-man cell, and Plaintiff attested in his pleadings that Defendant Smokes told him he would "remain in a single man cell[.]" Doc. 1-7 at 2. Plaintiff failed to identify any particular time when he felt that his actual conditions of confinement subjected him to a serious risk of physical injury. A mere possibility that a plaintiff may be placed in a situation where he faces serious harm cannot support a claim of deliberate indifference. Brooks, 800 F.3d at 1301 (holding that a plaintiff did not face a serious risk of physical harm where he was injured only after he was released from his cell simultaneously with another inmate and where they had never been simultaneously released on a prior occasion).

Moreover, if Plaintiff did face an objectively serious risk, there is no evidence that Defendants were deliberately indifferent to that risk. Deliberate indifference requires a defendant to have a subjective awareness of the substantial risk of serious harm and respond unreasonably to that risk. Farmer v. Brennan, 511 U.S. 825, 844 (1994). Plaintiff told Defendants that he was threatened. Doc. 77-5 at 3. Defendants investigated his request for protective custody and were not able to substantiate any credible threat against Plaintiff. Doc. 77-5 at 3. When questioned during his deposition, Plaintiff was unable to identify where

---

favorable to Plaintiff. Peppers, 835 F.3d at 1295. Accordingly, the Court takes as true Plaintiff's claim that he was threatened.

he heard of this threat beyond general "gossip." Doc. 77-3 at 7. The evidence before the Court shows Defendants were aware of the underlying threat Plaintiff received but believed "that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844. Even so, Defendants placed Plaintiff in Tier II confinement, with substantial safeguards. In light of these undisputed facts, there is no support for Plaintiff's contention that Defendants failed to respond reasonably to the reported threat. Days v. Crickmar, 701 F. App'x 883, 884–86 (11th Cir. 2017) (affirming grant of summary judgment where defendants investigated plaintiff's claims that he was threatened by gang members and placed him in the "safest dorm" at the prison rather than protective custody as plaintiff requested).

Plaintiff claims there must be a meaningful difference between protective custody and Tier II confinement because they exist as separate programs. Doc. 82 at 4. While there may be differences in those programs, Plaintiff has failed to put forth any evidence to suggest that there is a meaningful difference between those programs for purposes of Plaintiff's Eighth Amendment protection from deliberate indifference. Plaintiff has also not put forward any evidence suggesting that Defendants exhibited subjective deliberate indifference to his safety. Instead, the record shows that Tier II confinement provided adequate safeguards to secure Plaintiff from a serious risk of physical harm and that Defendants reasonably responded to this threat by placing him in a secure environment. Because Plaintiff fails to put forward any evidence from which a finder of fact could infer that he faced a serious risk of physical harm or that Defendants were deliberately indifferent to any risk he did face, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DISMISS** Plaintiff's Complaint. Doc. 77.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motion and Plaintiff's filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[6] A certificate of appealability is not required in this § 1983 action.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion for Summary Judgment and **DISMISS** Plaintiff's Complaint, as amended, for his failure to establish a genuine dispute of material fact. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA